UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-3397(DSD/JJG)

Walter Edward Fahey,

        Plaintiff,

v.                                                              **ORDER**

R&L Carriers, Inc. and
Protective Insurance Company,

        Defendants.

    Courtney A. Lawrence, Esq., Richard J. Nygaard, Esq., Richard L. Tousignant, Esq. and Schwebel, Goetz & Sieben, Suite 5120, 80 South Eighth Street, Minneapolis, MN 55402, counsel for plaintiff.

    Brian A. Wood, Esq., Jeffrey A. Muszynski, Esq., William L. Davidson, Esq. and Lind, Jensen, Sullivan & Peterson, 150 South Fifth Street, Suite 1700, Minneapolis, MN 55402, counsel for defendants.


This matter is before the court upon plaintiff's motion to remand. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.


**BACKGROUND**

This insurance dispute arises out of a motor vehicle accident between an uninsured motorist and plaintiff Walter Edward Fahey ("Fahey")[1] on January 13, 2006. The accident occurred in the

---

[1] Fahey is a citizen of Minnesota.

course of Fahey's employment by R & L Carriers, Inc. ("R & L").[2] R & L's self-insured retention policy has a $25,000 limit for uninsured motorist claims. (Defs.' Mot. Opp'n 3.) On April 7, 2008, Fahey sued R & L in state court for wrongful denial of uninsured motorist benefits. R & L removed. The parties then stipulated that the insurance limit is $25,000, and the court remanded the case. See Order at 1, Fahey v. R & L Carriers, Inc., No. 08-cv-1166 (D. Minn. July 9, 2008) (Tunheim, J.). On April 6, 2009, Fahey amended his complaint to add defendant Protective Insurance Company[3] and claimed damages in excess of $50,000. Defendants removed. Again, the parties stipulated that the total insurance amount is $25,000, and the court remanded. See Order at 1, Fahey v. R & L Carriers, Inc., No. 09-cv-871 (D. Minn. Jun. 16, 2009) (Schiltz, J.). With leave of the state court, on November 5, 2009, Fahey again amended his complaint to add a claim for additional damages under Minnesota Statutes § 604.18. Defendants removed. On February 19, 2010, Fahey moved to remand, asserting that the amount in controversy does not exceed $75,000 and that the defendants' ability to remove under 28 U.S.C. § 1446 expired one year following the filing of the original complaint.

---

[2] R & L is an Ohio corporation with its principal place of business in Ohio.

[3] Protective Insurance Company is an Indiana corporation with its principal place of business in Indiana.

**DISCUSSION**

The court addresses the amount in controversy because it disposes of the motion. A plaintiff may move to remand if "it appears that the district court lacks subject matter jurisdiction" at any time before entry of final judgment. 28 U.S.C. § 1447(c). The court "resolve[s] all doubts about federal jurisdiction in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). Where, as here, the complaint fails to allege a specific amount of damages, the removing party has the burden of establishing by a preponderance of the evidence that the amount in controversy "exclusive of interest and costs" exceeds $75,000. See 28 U.S.C. § 1332(a); Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005). The amount in controversy includes statutory attorney's fees and statutory penalties due to delayed insurance payments. See Rasmussen, 410 F.3d at 1031 (statutory attorney fees); Peacock & Peacock, Inc. v. Stuyvesant Ins. Co., 332 F.2d 499, 502 (8th Cir. 1964) (statutory 12-percent penalty for delay in insurance payment).

Pursuant to 28 U.S.C. § 1447(c), Fahey argues that the court lacks subject matter jurisdiction because, even with his added claim under Minnesota Statutes § 604.18, the amount in controversy requirement of § 1332 is not met. In Minnesota, if an insured proves that the insurer had no reasonable basis for denying his

3

claim and that it acted with knowledge or reckless disregard of its lack of reasonable basis, § 604.18 allows the court to award "(1) an amount equal to one-half of the proceeds awarded that are in excess of an amount offered by the insurer at least ten days before the trial begins or $250,000, whichever is less; and (2) reasonable attorney fees actually incurred to establish the insurer's violation of this section."  Minn. Stat. § 604.18 subdivs. 2(a), 3(a).  The statute limits attorney's fees to the insured's pursuit of his § 604.18 claim, and caps the fees at $100,000.  Id. § 604.18 subdiv. 3(a)(2).

The parties agree that the insurance policy has a $25,000 limit.  Thus, the defendants must show by a preponderance of the evidence that the additional damages and attorney's fees available to Fahey under § 604.18 exceed $50,000.  Section 604.18 allows the court to award "an amount equal to one-half of the proceeds awarded."  The term "proceeds awarded" is ambiguous, and Minnesota courts have not interpreted § 604.18.  If "proceeds awarded" means any amount a jury awards the insured, then the amount in controversy in this case exceeds $75,000.  If, however, "proceeds awarded" means the policy limit, then the amount in controversy does not exceed $75,000.

A serious doubt exists about whether Fahey can recover additional damages under § 604.18.  If the latter interpretation of § 604.18 applies, then the additional damages Fahey could receive

4

cannot exceed $12,500.[4]  This leads to a maximum possible recovery of $37,500, and the amount in controversy would only be met if Fahey recovers more than $37,500 in attorney's fees for his § 604.18 claim.  The court finds such an award of attorney's fees unlikely.  Therefore, resolving all doubts in favor of remand, the court determines that the defendants have not met their burden to show that the amount in controversy exceeds $75,000, and remand is appropriate under § 1447(c) because the court does not have subject-matter jurisdiction over this action.[5]  Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. No. 12] is granted, without taxation of costs, fees or expenses in favor of or against any party.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 29, 2010

s/David S. Doty  
David S. Doty, Judge  
United States District Court

---

[4] This maximum value results if the insurer offers zero dollars before trial and Fahey receives the entire $25,000 liability limit as proceeds.  In this scenario, the court's award could be up to one half of the difference between zero and $25,000, which is $12,500.

[5] The court also notes that comity favors remand to allow Minnesota courts to interpret and develop the issues of state law presented by this action.